UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN WERT, | No. 2:25-cv-02102-DAD-CSK |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO CHANGE VENUE |
| AMERITAS LIFE INSURANCE CORP., | (Doc. No. 7) |
| Defendant. | |

This matter is before the court on defendant Ameritas Life Insurance Corporation's ("defendant") motion to transfer venue to the District of Nebraska.  (Doc. No. 7.)  On September 9, 2025, the motion was taken under submission pursuant to Local Rule 230(g).  (Doc. No. 23.)  For the reasons outlined below, defendant's motion will be granted.

**BACKGROUND**

On June 27, 2025, plaintiff Ryan Wert filed a complaint initiating this action in the Placer County Superior Court against Ameritas Life Insurance Corporation.  (Doc. No. 1-1 at 2.)  Defendant removed the action to this federal court on July 25, 2025 on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441.  (Doc. No. 1.)  In his complaint, plaintiff alleges as follows.

On April 23, 2017, plaintiff and defendant entered into a Producer Annualization Authorization ("Authorization"), which incorporated by reference a Producer Contract.  (Doc.

1

No. 1-1 at 3, 7–16.)  Pursuant to the Authorization and Producer Contract, plaintiff solicited Ameritas policies and defendant was obligated to pay plaintiff $378,321.15 for various commissions.[1]  (*Id.* at 3–4.)  On November 8, 2024, defendant terminated the Authorization and Producer Contract "not for cause."  (*Id.* at 4.)  On November 12, 2024, plaintiff received notice from defendant that defendant was suspending plaintiff's right to receive compensation under the Authorization and Producer Contract.  (*Id.*)  Plaintiff is owed "no less than $378,321.15 plus interest and costs."  (*Id.*)  Plaintiff is a resident of Placer County, California, and defendant is a Nebraska corporation with a principal place of business in Lincoln, Nebraska.  (*Id.* at 2.)  The Producer Contract, attached to plaintiff's complaint as Exhibit A, includes a "Governing law" provision, which states "The Contract will be governed by the laws of the State of Nebraska and the venue for any dispute arising under this Contract . . . shall be, in our sole discretion, the state or federal courts of Nebraska or Ohio."  (*Id.* at 14.)

Based on the above allegations, plaintiff asserts the following claims in his complaint:  (1) breach of contract against all defendants; (2) "common counts – goods and services rendered" against all defendants; and (3) "common counts – open book account" against all defendants.  (*Id.* at 4–6.)

Defendant filed the pending motion to transfer venue to the District of Nebraska on August 7, 2025.  (Doc. No. 7.)  On August 21, 2025, plaintiff filed an opposition to defendant's motion to transfer.  (Doc. No. 13.)  On September 5, 2025, defendant filed its reply thereto.  (Doc. No. 18.)

**LEGAL STANDARD**

**A.  Venue Transfer**

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and

---

[1]  While plaintiff does not allege in his complaint that these actions occurred in California, plaintiff filed a declaration in opposition to defendant's motion to transfer venue in which he declares that he entered the Authorization and Producer Contract in California, and the majority of the commissions placed at issue by his complaint initiating this action arise from the life insurance policy of a California resident.  (Doc. No. 13-1 at ¶ 7.)

witnesses and in the interest of justice. "[T]he purpose of [§ 1404(a)] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal quotation marks and citation omitted). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622).

"A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The Supreme Court has identified those factors as follows:

> Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981) (internal quotation marks omitted). Public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Ibid.* (internal quotation marks omitted). The Court must also give some weight to the plaintiffs' choice of forum. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L.Ed. 789 (1955).

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Texas* ("*Atl. Marine*"), 571 U.S. 49, 62 n. 6 (2013). "The primary factors to be considered are convenience of witnesses and parties and concerns for judicial economy (including duplicative effort, waste of time and money)." *Cochran v. NYP Holdings, Inc.*, 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998), *aff'd*, 210 F.3d 1036 (9th Cir. 2000). Other factors include plaintiff's choice of forum, administrative considerations, and the respective parties' contacts with the forum. *See Jones*, 211 F.3d at 498–99; *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 759 (C.D. Cal. 2016).

/////

/////

**B.      Forum Selection Clause**

A forum selection clause may be enforced, "through a motion to transfer under § 1404(a)." *Atl. Marine*, 571 U.S. at 59.  Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses and in the interest of justice.  *Id.* at 52.

The Supreme Court has found that forum selection clauses are presumptively valid and should be honored "absent some compelling and countervailing reason." *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2004) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, (1972)); *see also Atl. Marine*, 571 U.S. at 66 ("In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain.").  As such, the "party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" *Murphy*, 362 F.3d at 1140.  (quoting *Bremen*, 407 U.S. at 15).  A forum selection clause is controlling unless the plaintiff makes a "strong showing" that:

> (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision," or (3) "trial in the contractual forum will be so gravely difficult and inconvenient that [the litigant] will for all practical purposes be deprived of his day in court."

*Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1088 (9th Cir. 2018) (quoting *Bremen*, 407 U.S. at 15, 18), *holding modified by Lee v. Fisher*, 70 F.4th 1129 (9th Cir. 2023).  "The enforceability of forum selection clauses is governed by federal law." *Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013).

Once a court finds that a forum selection clause is valid, the clause, "[should be] given controlling weight in all but the most exceptional circumstances." *Atl. Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)) (addition in original).  In this regard, the court must adjust the usual § 1404(a) analysis such that the plaintiff's choice of forum "merits no weight" and the court may only consider arguments regarding the public-interest

/////

4

factors.[2]  *Atl. Marine*, 571 U.S. at 63–64.  The usual § 1404(a) analysis in such cases is further adjusted in that the "transfer of venue will not carry with it the original venue's choice-of-law rules – a factor that in some circumstances may affect the public-interest considerations."  *Atl. Marine*, 571 U.S. at 64.

**ANALYSIS**

**A.    Validity of the Forum Selection Clause**

Defendant argues that here the forum selection clause is valid because nothing in the complaint suggests the Producer Contract was procured by fraud and there is no applicable California prohibition suggesting that the clause may be otherwise invalid.  (Doc. No. 7–1 at 6–7.)  Plaintiff argues the forum selection clause is not valid because it does not clearly select a forum by allowing Ameritas to choose between multiple forums once a dispute has arisen.  (Doc. No. 13 at 3–4.)  Defendant argues that the clause is not vague as it clearly states the available forums are the federal or state courts of Nebraska or Ohio.  (Doc. No. 7–1 at 4–6.)

As discussed above, the court must enforce the forum selection clause unless plaintiff makes a strong showing that:  (1) the clause is invalid due to "fraud or overreaching," (2) "enforcement would contravene a strong public policy of the forum in which suit is brought," or (3) trial in the contractual forum will be so difficult that plaintiff would be deprived of his day in court.  *Yei A. Sun*, 901 F.3d at 1088.

Plaintiff does not argue that any of the above-listed exceptions apply here.  Rather, plaintiff merely argues that the clause does not state an ascertainable forum and should not be enforced.  (Doc. No. 13 at 4.)  In support of this contention, plaintiff identifies cases in which courts have found forum selection clauses to be unenforceable where the clause failed to select any forum.  *See e.g. Conopco, Inc. v. PARS Ice Cream Co.*, No. 13-cv-001083-JSR, 2013 WL

---

[2]  The public interest factors considered in the § 1404(a) analysis when the parties are subject to a forum selection clause include: "'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Adema Techs. Inc. v. Wacker Chemie AG*, No. 13-cv-05599-BLF, 2014 WL 3615799, at *2 (N.D. Cal. July 22, 2014) (citing *Atl. Marine*, 571 U.S. at 62 n.6 (quoting *Piper Aircraft Co.*, 454 U.S. at 241 n.6)), *aff'd sub nom. Adema Techs., Inc. v. Wacker Chem. Corp.*, 657 F. App'x 661 (9th Cir. 2016).

5549614, at *5–6 (S.D.N.Y. Sept. 26, 2013) (interpreting a jurisdictional waiver clause to apply to "any court in which either party initiates a proceeding"); *Cent. Ohio Graphics, Inc. v. Alco Cap. Res., Inc.*, 221 Ga. App. 434, 434–35 (1996) (finding a clause unenforceable which stated that the forum would be ". . . in any court of competent jurisdiction and the customer [Central] consents to jurisdiction in the state of our choice."). Here, the forum selection clause clearly names the state or federal courts of Ohio or Nebraska, which are ascertainable fora. *See Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749, 759 (N.D. Cal. 2004) (finding a forum selection clause which identified four potential fora to be valid); *A.I. Credit Corp. v. Liebman*, 791 F. Supp. 427, 429–30 (S.D.N.Y. 1992) ("[A] forum selection clause must indicate a specific geographic jurisdiction in which consent to be sued is given."). Accordingly, the contract's forum selection clause is valid and survives the only challenge plaintiff presents as to its validity.[3] (Doc. No. 13 at 3–4.)

## B.   The Public Interest Factors

Defendant argues that consideration of the public interest factors does not overwhelmingly disfavor transfer because the Eastern District of California is experiencing higher levels of court congestion than the District of Nebraska, the dispute at issue is not localized to California, and the law which would apply to the case is the law of Nebraska. (Doc. No. 7-1 at 7–9.) Plaintiff argues that consideration of the public interest factors does disfavor transfer because California has a strong interest in adjudicating disputes which involve its authority to regulate the "business of

---

[3] In support of his opposition to the pending motion, plaintiff submitted a declaration stating that transferring venue would cause him difficulty in litigating the case because it would increase litigation costs, cause him to miss additional work, and require him to hire new counsel. (Doc. No. 13-1 at ¶¶ 10–11.) However, plaintiff did not declare that these difficulties are so severe that they would deprive him of his day in court. Even if the court were to construe plaintiff's statements as asserting that the clause is invalid because its enforcement would deprive him of his day in court, plaintiff's declaration does not adequately support such a conclusion. *See NVL, Inc. v. Volvo Car USA, LLC*, No. 18-cv-01956-PSG-JC, 2018 WL 6137178, at *4 (C.D. Cal. Apr. 26, 2018) (finding that the plaintiffs did not demonstrate they would be effectively denied their day in court based on the "bald assertion" that the additional costs of litigation in New Jersey would preclude plaintiffs from pursuing their claims); *cf. Petersen*, 715 F.3d at 281 (declining to enforce a forum selection clause where the plaintiff's sworn affidavit stated "that he lacked the resources to litigate in Saudi Arabia and that he was concerned about returning to Saudi Arabia . . . in light of having been held as a 'virtual prisoner' there").

insurance." (Doc. No. 13 at 5–6.)  Defendant argues in reply that California's interest in regulating the insurance industry is inapplicable to the parties' contract dispute which is the subject of this action.  (Doc. No. 18 at 6–8.)

When evaluating a defendant's § 1404(a) motion to transfer based on a forum selection clause, "a district court may consider arguments about public-interest factors only." *Atl. Marine*, 571 U.S. at 64 (internal citation omitted).  As noted above, "[b]ecause those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*  "Public-interest factors may include 'the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law.'" *Id.* at 62 n. 6 (quoting *Piper Aircraft Co.*, 454 U.S. at 241, n. 6).  "[T]he party acting in violation of the forum-selection clause . . . must bear the burden of showing that public-interest factors overwhelmingly disfavor a transfer." *Id.* at 67.

Plaintiff does not dispute defendant's assertion that, based on "the most recent caseload statistics published by the Administrative Office of the United States Courts, the District of Nebraska has a substantially smaller caseload and lower median time to court resolution than in this District." (Doc. No. 7-1 at 8.)  Thus, consideration of this factor weighs in favor of transfer. *See Belkorp AG, LLC v. Venture Prods., Inc.*, No. 1:23-cv-00762-DJC-DB, 2025 WL 916882, at *4 (E.D. Cal. Mar. 26, 2025) (noting that the Eastern District of California ". . . is highly congested, having one of the heaviest caseloads in the nation[,]" which weighed in favor of transfer).

Plaintiff also does not address defendant's assertion that resolution of this dispute would be governed by Nebraska law pursuant to the Producer Contract. (Doc. No. 7-1 at 8.)  The court need not determine whether the choice-of-law provision should be enforced because plaintiff has failed to meet his burden as to this factor by failing to address it at all. (Doc. No. 13.)  The interest in having the trial of diversity case in a forum at home with the law also weighs in favor of transfer here. *See Zaklit v. Glob. Linguist Sols., LLC*, No. 13-cv-08654-MMM-MAN, 2014 /////

7

WL 12521725, at *23–24 (C.D. Cal. Mar. 24, 2014) (finding this factor weighed in favor of transfer when plaintiff failed to address it and therefore failed to meet their burden).[4]

The only public interest factor that plaintiff addresses in his argument is the local interest factor. (Doc. No. 13 at 5–6.) Plaintiff contends that this is a local dispute because plaintiff is a "California resident and insurance producer . . . subject to California regulation." (Doc. No. 13 at 6.) However, nothing in plaintiff's complaint suggests that this dispute involves California insurance regulations. (Doc. No. 1-1 at 2–6.) Rather, plaintiff asserts only breach of contract claims and requests payment for services rendered and money purportedly owed to him. (*Id.* at 4–6.) In his opposition to the motion to transfer, plaintiff vaguely argues that "[i]nsurance producers, like [plaintiff], are extensively regulated by state insurance departments, which license agents and brokers[,] impose standards for conduct, and oversee their activities (e.g., Cal. Ins. Code § 1623)." (Doc. No. 13 at 5.) Plaintiff then contends that California disfavors forum selection clauses that impair "state regulatory protections" in franchise and employment contexts. (*Id.* at 5–6.) However, plaintiff has not alleged any violations of these California regulatory protections nor does he explain how they might conceivably apply to this action. In short, plaintiff's arguments in this regard are wholly unpersuasive because he fails to explain how California's standards of conduct or regulations affect this breach of contract action. *See Yearby v. Am. Nat'l Ins. Co.*, No. 20-cv-09222-EMC, 2021 WL 3855833, at *7 (N.D. Cal. Aug. 30, 2021) (finding unpersuasive the plaintiff's argument that the dispute was a local controversy because it involved insurance policies which required the defendant to obtain a license and form approval from the California Department of Insurance because the plaintiff failed to explain how the approval process had any relation to his claim). These conclusory and unsupported arguments presented by plaintiff fail to carry his burden of showing that the public interest factors overwhelmingly disfavor a transfer of this action.

Still, the court considers the assertions that plaintiff is a resident of California (Doc. No. 1-1 at 2), plaintiff entered the Producer Contract while he was in California (Doc. No. 13-1 at

---

[4] Even if this were not the case, the Supreme Court has noted, "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine*, 571 U.S. at 67.

8

¶ 7), plaintiff used his Life Insurance Producer License issued by the State of California in performance of the Producer Contract (*Id.*), and the "vast majority of the commission in dispute arises from the life insurance policy of Brock Hinton a . . . California resident" (*Id.*). Plaintiff's assertions in this regard do weigh against granting transfer. *See Crown Cap. Sec., L.P. v. Liberty Surplus Ins. Corp.*, No. 14-cv-01065-JLS-DFM, 2015 WL 12748815, at *9 (C.D. Cal. Mar. 30, 2015) (finding that the local interest factor weighed against transfer where the insurance policy was issued in California, the events surrounding the claim occurred in California, and the defendant was accused of violating the rights of a California resident by "breaching an insurance contract that governs services that were to be rendered in California"); *Kaiser Found. Health Plan, Inc. v. Tiero LLC*, No. 23-cv-09191-KS, 2024 WL 5466643, at *6 (C.D. Cal. June 20, 2024) (finding the local interest factor weighed against transfer "because the case was brought in California, under California law, by a California-based insurance Company, against Defendants who engage in business in California[,]" and California had an interest in protecting health plans operating in California from fraud). However, this limited showing regarding California's interest in this action is not sufficient to support a finding that that the public interest factors overwhelmingly disfavor transfer. *See Crown Cap. Sec., L.P.*, 2015 WL 12748815, at *10 (enforcing a forum selection clause where the local interest weighed against transfer but the administrative difficulties factor was neutral and the familiarity with the law factor weighed in favor of transfer).

Following consideration of all of the relevant factors and for the reasons explained above, the court concludes that plaintiff has not carried his burden of showing that the public interest factors overwhelmingly disfavor transfer.[5] Accordingly, the court will grant defendant's motion to transfer venue.

---

[5] Plaintiff also argues that the private interest factors of the § 1404(a) analysis weigh in his favor. (Doc. No. 13 at 4–5.) However, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 571 U.S. at 64. Therefore, the court does not consider plaintiff's arguments in this regard.

9

**CONCLUSION**

For all of the reasons explained above,

1.   Defendant's motion to transfer venue (Doc. No. 7) is GRANTED;

2.   The court hereby TRANSFERS this action to the United States District Court for the District of Nebraska;

3.   The court further directs the Clerk of the Court for the Eastern District of California in Sacramento to FORWARD all filings in this action to the United States District Court for the District of Nebraska; and

4.   The Clerk of the Court for the Eastern District of California shall CLOSE this case upon completion of the transfer.

IT IS SO ORDERED.

Dated:   **March 31, 2026**                          _____
                                                     DALE A. DROZD
                                                     UNITED STATES DISTRICT JUDGE

10